UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT TERRY RASSIEUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21 CV 1269 DDN |
| ) | |
| METLIFE AUTO & HOME ) | |
| INSURANCE, INC., ) | |
| ) | |
| METROPOLITAN PROPERTY AND ) | |
| CASUALTY INSURANCE COMPANY, ) | |
| ) | |
| and ) | |
| ) | |
| ECONOMY PREMIER ASSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

This matter is before the Court on the motion of defendants Metlife Auto & Home Insurance, Inc., and Metropolitan Casualty Insurance Company to dismiss plaintiff Robert Terry Rassieur's complaint as against them for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 7.)

For the following reasons, defendants Metlife and Metropolitan's motion is denied.

## BACKGROUND

Plaintiff alleges the following in his complaint. (Doc. 5.) On May 1, 2016, while plaintiff was riding his bicycle, a non-party motor vehicle driver collided with plaintiff. The impact caused plaintiff to be ejected from his bicycle, striking the hood and windshield of the driver's vehicle before falling to the pavement. Plaintiff was rushed to Mercy Hospital, where he was treated for multiple cuts and bruises, a fractured pelvis requiring

multiple surgeries, a broken left femur requiring surgery, a cracked tibia, a fractured T-5 vertebra, multiple neck fractures, a concussion/traumatic brain injury, and a bleed on his brain.  He was hospitalized from May 1 until May 15, 2016, before being transferred to Mercy Rehabilitation for intensive physical and occupational therapy, from which he was discharged on June 2, 2016.  Once he returned home, he required home health aides to assist him in activities of daily living.  Plaintiff continues to suffer from the injuries he sustained in the collision, and they have affected his ability to labor and enjoy life.

Plaintiff sought and received defendant Metlife's permission to settle his injury claim against the driver for the $250,000 policy limit offered by the driver's insurance company.  On June 19, 2017, plaintiff executed a release of the driver, specifically preserving his ability to pursue all underinsured motorist coverage claims.  Plaintiff thereafter received the $250,000 payment from the driver's insurance company.

Plaintiff now seeks underinsured motorist (UIM) benefits under his own policy, which was issued by defendant Economy Premier Assurance Company (EPAC).  He has demanded the UIM limits of all five available policies; defendants have made one payment of $300,000, the value of one UIM policy limit.

## **DISCUSSION**

In support of their motion to dismiss, defendants Metlife and Metropolitan argue that only plaintiff and defendant EPAC are parties to the insurance policy. (Doc. 8 at 1-2.) They contend that because they are not parties to the policy, and plaintiff has not alleged any facts or legal theories that support a claim against them, they should be dismissed from the case. (*Id*. at 2.)

Plaintiff argues that he alleged that defendants Metlife and Metropolitan sold the policy at issue and that, taking his allegation as true, a reasonable inference exists that defendants are liable for breach of contract. (Doc. 16 at 2.)  He also points to the policy itself, which includes defendant Metlife's logo and text identifying defendant Metlife as a brand of defendant Metropolitan, as evidence that they are parties to the contract. (*Id*.)

In reply, defendants Metlife and Metropolitan argue that they did not make plaintiff a legally binding promise, so plaintiff cannot state a claim for breach of contract against them. (Doc. 19 at 1.) Defendants further contend that the policy's declarations page plainly states that the policy was issued solely by defendant EPAC and that plaintiff does not allege the relationships between defendants Metlife and Metropolitan and defendant EPAC. (*Id.* at 2.)

A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For a complaint to state a plausible claim for relief requires the plaintiff to allege the circumstances of the alleged incident, and in reviewing the complaint the Court is required to draw upon its experience and common sense. *Id.* at 679. The Court must assume the well-pleaded facts are true, but the Court does not have to accept as true merely general statements about what the law requires or prohibits. *Id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough) (citing *Twombly*, 550 U.S. at 555). The Court may also consider documents attached to the complaint. *Owen v. General Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008).

In his complaint, plaintiff alleges that "there was in full force and effect a policy of Insurance . . . which Defendants sold to the Plaintiff." (Doc. 5 at ¶ 37.) Plaintiff also alleges that he sought and received defendant Metlife's permission to settle his injury case against the driver. (*Id.* at ¶ 33.) The insurance policy[1] identifies the issuing insurance

---

[1] Plaintiff attached the policy to the complaint filed in state court, but it was not attached upon removal to federal court. (Doc. 5.) Plaintiff attached the policy as Exhibit 1 in his reply to the instant motion. (Doc. 16-1.) Both plaintiff and defendants Metlife and Metropolitan acknowledge that the policy was attached to the complaint when initially filed. (Doc. 16 at 2; Doc. 19 at 2.) The Court will therefore treat the policy as attached to the complaint for the purposes of the motion to dismiss.

company as EPAC.  (Doc. 16-1 at 1.)  On every other page of the coverage summary, a "Metlife Auto & Home" logo appears on the top right of the page, and the following text appears at the bottom: "Metlife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI."  (*Id*. at 2, 4, 6, 8.)  The first page of the coverage summary, which includes the "Metlife Auto & Home" logo, also identifies EPAC also the issuing insurance company.  (*Id.* at 2.)

Plaintiff's allegation that defendants Metlife and Metropolitan sold the policy, together with the logo and text that appear on the coverage summary, are sufficient to establish facial plausibility.  The presence of the logo and text on the coverage summary pages creates a reasonable inference that defendants Metlife and Metropolitan are parties to the contract.   Additionally, plaintiff's allegation that he sought and received permission from defendant Metlife to settle his injury case indicates that both plaintiff and defendants treated defendant Metlife as a party to the insurance contract.

Defendants Metlife and Metropolitan cite *Warren Davis Properties XXV, LLC v. Zurich American Insurance Company* in support of their motion.   No. 6:21-CV-03177-S-MDH, 2021 WL 3782892 (W.D. Mo. Aug. 25, 2021).   In *Warren Davis*, the plaintiffs asserted claims against the insurance policy issuer and its parent company under an alter ego theory.  *Id*. at *1.  The court concluded that plaintiffs' allegations were insufficient to allege any of the elements or factors necessary to establish the parent company as the policy issuer's alter ego.  *Id*. at *2.

Defendants' reliance on *Warren Davis* is inapposite.  Here, plaintiff does not allege that defendants Metlife and Metropolitan are liable under an alter ego theory, but rather that they sold the contract to plaintiff and are therefore bound by its terms. (Doc. 5 at ¶ 37, Doc. 24 at 2.)  Therefore, the Court denies defendants Metlife and Metropolitan's motion to dismiss.

- 5 -

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendants Metlife Auto & Home Insurance, Inc., and Metropolitan Casualty Insurance Company to dismiss the complaint **(Doc. 7) is denied.**

                                                                  /s/ David D. Noce  
                                                **UNITED STATES MAGISTRATE JUDGE**

Signed on January 26, 2022.